612 P.2d 716

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Eloisa CRESPIN, Defendant-Appellant.**

**No. 4581.**

Court of Appeals of New Mexico.

May 27, 1980.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Summary affirmance was proposed by notice filed April 22, 1980. The defendant has filed a timely memorandum opposing affirmance as to one issue and does not oppose affirmance on the other issue.

The defendant claims error in the trial court's refusal to require the State to place on the record its reasons for exercising a peremptory challenge against the only black member of the jury venire. This case raises an issue of first impression in New Mexico.

Generally, the reason underlying a party's exercise of a peremptory challenge is unreviewable since the reasons may, permissibly, relate to matters wholly subjective and unrelated to the legal proceedings. As stated in *Swain v. State of Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965):

> The essential nature of the peremptory challenge is that it is one exercised without a reason stated, without inquiry and without being subject to the court's control. [Citations omitted.] While challenges for cause permit rejection of jurors on a narrowly specified, provable and legally cognizable basis of partiality, the peremptory permits rejection for a real or imagined partiality that is less easily designated or demonstrable. [Citations omitted.] It is often exercised upon the "sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks and gestures of another," [Citations omitted] upon a juror's "habits and associations," [Citations omitted] or upon the feeling that "the bare questioning [a juror's] indifference may sometimes provoke a resentment," * * *. [Citations omitted.]

In *Swain*, the Court rejected defendant's assertion that the jury drawn was void due to the prosecutor's exercise of his peremptory challenge against the six black members

of the jury venire. In so holding, the Court recognized a presumption that the peremptories were exercised for the proper motive and that "[t]he presumption is not overcome and the prosecutor therefore subjected to examination by allegations that *in the case at hand* all Negroes were removed from the jury or that they were removed because they were Negroes." [Emphasis added.]

The Supreme Court reached this conclusion because of its concern that a contrary rule would create a challenge which "would no longer be peremptory, each and every challenge being open to examination, either at the time of the challenge or at a hearing afterwards. The prosecutor's judgment underlying each challenge would be subject to scrutiny for reasonableness and sincerity." *Swain, supra.*

This case is controlled by both the analysis and the concern raised in *Swain.* The prosecutor challenged only one prospective black juror. Though he was the only black member of the venire, there is nothing to suggest that the peremptory challenge was motivated by any improper consideration. Under the facts of this case, to support his burden of overcoming the presumption of proper purpose, the defendant "must rest his contentions on a factual base which is broader than that presented by his own case alone." *United States v. McLaurin,* 557 F.2d 1064 (5th Cir. 1977); *Morgan v. United States,* 564 F.2d 803 (8th Cir. 1977).

Our decision is limited to the facts in this case. Recent United States Supreme Court cases infer that the challenge allowed in *Swain* may be too limited. *See, e.g., Rose v. Mitchell,* 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979); *Castenada v. Partida,* 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977); *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975); *Peters v. Kiff,* 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972). In addition, a good deal of commentary has been written on the subject. *See,* e.g., Note, Racial Discrimination in Jury Selection, 41 Albany Law Review 623 (1977); Comment, The Prosecutor's Exercise of the Peremptory Challenge to Exclude Non-White Jurors: A Valued Common Law Privilege in Conflict with the Equal Protection Clause, 46 Univ. Cin. Law Review 554 (1977); Comment, A Case Study of the Peremptory Challenge: A Subtle Strike at Equal Protection and Due Process, 18 St. Louis Univ. Law Journal 662 (1974); Note, Peremptory Challenge—Systematic Exclusion of Prospective Jurors on the Basis of Race, 39 Miss. Law Journal 157 (1967); Comment, *Swain v. Alabama*: A Constitutional Blueprint for the Perpetration of the All White Jury, 52 Va. Law Review 1157 (1966). Recognizing this, we are of the opinion that certain fact situations may arise where the defendant can overcome the presumption based entirely upon the facts of his own case. To hold otherwise would provide no protection to the first defendant who suffers such discrimination but, because he is the first, he cannot show enough "instances" to establish a pattern of prosecutorial abuse. Secondly, such a limited rule provides a right that seldom, if ever, results in a remedy—not because of a lack of merit to the claim, but because of an inability to present the information necessary to support the claim. In the normal case, counsel would have no prior notice that the issue might become relevant. As noted in *People v. Wheeler,* 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978), the California experience with the *Swain* rule has resulted in numerous attempts to meet the *Swain* burden, but with no success—i.e., the court has been presented with numerous "first" defendants.

The facts in this case are inappropriate for any detailed compendium of all the ways a single defendant may rebut the presumption that the State is properly exercising its peremptories. We do note that those cases allowing such a challenge from other jurisdictions have, as a premise, a fact situation easily distinguishable from that presented herein. *See People v. Wheeler, supra*—wherein the prosecutor peremptorily challenged at least seven black jurors; *Commonwealth v. Soares,* —— Mass. ——, 387 N.E.2d 499 (1979)—wherein the prosecutor peremptorily challenged twelve of thirteen qualified black jurors. We do find

helpful the procedure suggested in *People v. Wheeler, supra* :

> If a party believes his opponent is using his peremptory challenges to strike jurors on the ground of group bias alone, he must raise the point in timely fashion and make a prima facie case of such discrimination to the satisfaction of the court. First, as in the case at bar, he should make as complete a record of the circumstances as is feasible. Second, he must establish that the persons excluded are members of a cognizable group within the meaning of the representative cross-section rule. [Footnote omitted.] Third, from all the circumstances of the case he must show a strong likelihood that such persons are being challenged because of their group association rather than because of any specific bias.

In summary, we hold that the determination of this case is controlled by *Swain v. State of Alabama, supra*. Where, as here, the defendant's support for his claim is based solely upon the facts of his own case, the claim must fail in the absence of some evidence which would allow an inference of *systematic* exclusion. Thus, in effect, we hold that improper, systematic exclusion by use of peremptory challenges can be shown (1) under *Swain v. State of Alabama, supra*, by presenting facts beyond the instant case; or (2) under the *Wheeler-Soares* rationale and supported by Article II, Section 14 of the New Mexico Constitution, where the absolute number of challenges in the one case raises the inference of systematic acts by the prosecutor. A challenge of the one black member of the jury venire, as in this case, is insufficient to raise the inference of improper use of the peremptory challenge by the State. The presumption of proper use was not rebutted.

Affirmed.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.