PER CURIAM.
Defendant Ronald Johnson challenges his convictions for second-degree murder and unlawful possession of a firearm for which he received a sentence of thirty years imprisonment. He contends the trial court erred in denying his motions for mistrial and new trial. In his motions, Johnson argued that the state utilized its peremptory challenges to exclude all prospective black jurors and thereby deprived him of due process of law.
In this appeal defendant Johnson contends that the prosecutor’s actions “may” have been racially motivated; however, the record before us“does not contain the information required to support his assertion. We have reviewed the proceedings in the trial court and are forced to conclude that it would be inappropriate for us to decide on the bare record before us whether or not defendant Johnson’s contentions have merit.
*1064 The first defect in the record is the absence of evidence describing the composition of the jury.[1] Next, we find that defendant’s appellate brief refers to the prosecutor’s prior similar conduct, but fails to disclose whether this information was presented to the trial court as required under Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Next, defendant cites as error the trial court’s denial of his motion for additional peremptory challenges; however, he fails to apprise us of the number of peremptory challenges he exercised. Finally, we note that, although in the trial court Johnson based his argument solely upon Swain and the denial of equal protection under the Fourteenth Amendment, he now relies upon additional authorities which construe the rights to a fair trial under state and federal constitutions.
Because the record presented to us is inadequate to serve as a predicate for reevaluation of the peremptory challenge system, we leave for future determination concerns relating to the permissible scope of the exercise of peremptory challenges. The question of whether systematic exclusion of a cognizable group violates the right to a fair trial, guaranteed by the Sixth Amendment to the United States Constitution and the Florida Declaration of Rights, Article I, section 16 of the Florida Constitution, merits decision upon a complete record. See People v. Wheeler, 22 Cal.3d 258, 148 Cal. Rptr. 890, 583 P.2d 748 (1978); People v. Smith, 91 Ill.App.3d 523, 47 Ill.Dec. 1, 414 N.E.2d 1117 (1980); Commonwealth v. Soares, 377 Mass. 461, 387 N.E.2d 499, cert. denied, 444 U.S. 881, 100 S.Ct. 170, 62 L.Ed.2d 110 (1979); State v. Crespin, 94 N.M. 486, 612 P.2d 716 (Ct.App.1980); People v. Thompson, 79 A.D.2d 87, 435 N.Y.S.2d 739 (1981). The law presumes that proceedings have been validly conducted unless otherwise shown and defendant has failed to meet that burden.
The remaining arguments do not merit reversal.
For these reasons, we affirm the convictions and sentence.

. MR. QUINON [for the state]: I want the record also to reflect Mr. Ebanks is a black man. He’s on the jury.
MR. ROSENBLATT: I don’t think necessarily he’s black. He’s more Bahamian.
MR. QUINON: Maybe we’ll ask for his roots when we’re finished.