660 P.2d 612
STATE of New Mexico,
Plaintiff-Appellee,

v.

Michael Wayne DAVIS,
Defendant-Appellant.

No. 5994.

Court of Appeals of New Mexico.

Feb. 22, 1983.

Certiorari Denied March 22, 1983.

Janet E. Clow, Chief Public Defender, Ellen L. Bayard, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Ann M. Harvey, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Albert Lassen, Trial Counsel.

OPINION

DONNELLY, Judge.

Defendant, Michael Wayne Davis, convicted of one count of aggravated assault with a deadly weapon contrary to § 30–3–2, N.M.S.A.1978, appeals.

On appeal, the single issue asserted by defendant is that the trial court erred in permitting the State to exercise a peremptory challenge against a black venireman and that defendant was thereby deprived of an impartial jury. We affirm.

During jury selection, defendant exercised six peremptory challenges; the State exercised four, one of which was directed to the sole black venireman on the jury panel. Defendant asserts that the State acted because he, the defendant, is also black, that therefore the State's action was error. At the time counsel for the State utilized its challenge, the following colloquy occurred:

Mr. Lassen: Your Honor, I am going to object to the State's exercise of the peremptory challenge as to Mr. Lee. I would like the court to observe that Mr. Lee is a black member of the jury panel and that the defendant is black. It is my belief that the District Attorney's office of the Second Judicial District has a policy of routinely excluding and challenging black members of the jury panel. Under those circumstances I believe that it is incumbent upon Mr. Greer to state the reason for his chal-

lenge of Mr. Lee. I'd like the court to further observe that he [Mr. Lee] did not respond to one question in voir dire, so it's difficult for me to believe that Mr. Lee can be challenged for a reason other than that he's black.

Court: Well Mr. Greer do you want to make any response or do you want to leave the record where it is?

Mr. Greer: I think we'll leave it where it is Judge ... I believe in just a statement in the record ... I'll explain, I sure we are all very familiar with this process and that the selection and picking of juries is very much a personal thing for every attorney to look at all the juries and when they look at you, and get a feel for them in making your decisions. That's the bottom line in the case. So I'm just not going to say other than to state that his race is not the primary reason for my striking him.

Court: Well, do I take it that that is a consideration?

Mr. Greer: Your Honor, it is, it is in fact just as much as it is when I take in consideration in nature of everyone on the jury. That is correct.

Court: All right. Well it's a very candid statement, Mr. Greer, and I don't know what the legal effect of it is. I suppose for the purpose of the record: Mr. Lassen, you stated that Mr. Lee was black or was African race, I guess, do you agree to that Mr. Greer?

Mr. Greer: I'm not quite positive....

Court: All right. And what race is Mr. Michael Wayne Davis?

Mr. Lassen: Sir, Mr. Davis is a black....

Defense counsel presented no evidence or statistical data to substantiate his assertion regarding the claim that the State routinely challenged black prospective jurors. At the conclusion of the foregoing discussion, the Court overruled defense counsel's objection to the State's peremptory challenge to the juror.

Defendant contends that the State's exercise of a peremptory challenge against a black member of the jury panel violated his right to an impartial jury and that the State's challenge was made upon the impermissible basis of group bias.

In *Strauder v. West Virginia,* 100 U.S. 303, 25 L.Ed. 664 (1880), the court held that State action denying blacks the right to serve as jurors was violative of the Fourteenth Amendment of the United States Constitution. Subsequently, in *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), the court declined to rule that the striking of blacks by use of the State's peremptory challenges in a particular case was a denial of equal protection of the laws. The court in *Swain* noted:

[W]e cannot hold that the Constitution requires an examination of the prosecutor's reasons for the exercise of his challenges in any given case. The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes. Any other result, we think, would establish a rule wholly at odds with the peremptory challenge system as we know it.

The court in *Swain* held that a showing in a single case that members of a particular race were excluded by peremptory challenges was not grounds for reversal of the judgment. In order to overcome the presumption that the prosecution is acting fairly and impartially, it is essential to establish a prima facie showing of discrimination by proof of the State's systematic exclusion of members of a specific race. *United States v. Delay,* 500 F.2d 1360 (8th Cir.1974), *quoting United States v. Pollard,* 483 F.2d 929 (8th Cir.1973), *cert. denied,* 414 U.S. 1137, 94 S.Ct. 882, 38 L.Ed.2d 762 (1974). The procedure necessary to overcome the presumption recognized in *Swain v. Alabama, supra,* was detailed in *People v. Wheeler,* 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978), and quoted with approval by this court in

*State v. Crespin*, 94 N.M. 486, 612 P.2d 716 (Ct.App.1980). The *Wheeler* court stated:

> If a party believes his opponent is using his peremptory challenges to strike jurors on the ground of group bias alone, he must raise the point in timely fashion and make a prima facie case of such discrimination to the satisfaction of the court. First, as in the case at bar, he should make as complete a record of the circumstances as is feasible. Second, he must establish that the persons excluded are members of a cognizable group within the meaning of the representative cross-section rule. [Footnote omitted.] Third, from all the circumstances of the case he must show a strong likelihood that such persons are being challenged because of their group association rather than because of any specific bias.
>
> . . . .
>
> Upon presentation of this and similar evidence—in the absence, of course, of the jury—the court must determine whether a reasonable inference arises that peremptory challenges are being used on the ground of group bias alone. . . .
>
> If the court finds that a prima facie case has been made, the burden shifts to the other party to show if he can that the peremptory challenges in question were not predicated on group bias alone. [Footnote omitted.]

*See Com. v. Soares*, 377 Mass. 461, 387 N.E.2d 499 (1979).

■ The presumption as to the proper use of peremptory challenges is rebuttable through a showing that a pattern of conduct has developed where members of a group are challenged solely because of race. *State v. Crespin, supra; see Com. v. Futch*, 492 Pa. 359, 424 A.2d 1231, (1981). Although a defendant does not have the right to demand that members of his race be included in a jury, he has a right to require that the State not deliberately or systematically deny to members of his race the right to participate as jurors in the administration of justice. *Alexander v. Louisiana*, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972); *State v. Crespin, supra.*

In *United States v. Neal*, 527 F.2d 63 (8th Cir.1975), *cert. denied, sub nom Robinson v. United States*, 429 U.S. 845, 97 S.Ct. 125, 50 L.Ed.2d 116 (1976), the court held that the State's use of a peremptory challenge to strike the single black person on the jury panel did not by itself make out a prima facie case of discrimination. Similarly, in *State v. Holloway*, 219 Kan. 245, 547 P.2d 741 (1976), it was held that the removal of the only black on the venire by the State's peremptory challenge did not disclose purposeful discrimination to exclude members of a class from the jury panel.

A law review article notes:

> [Swain] did not require racially neutral peremptory challenges; a juror's race, sex, religion or occupation are all permissible considerations for the exercise of any particular peremptory. What Swain precluded was *systematic exclusion of nonwhites solely due to the prosecutor's use of peremptory challenges.*

Comment, *The Prosecutor's Exercise of the Peremptory Challenge*, 46 U.Cin.L.Rev. 554, 563 (1977) (footnote omitted) (emphasis added). The rule in New Mexico is broader than that announced in *Swain*. As set out in *State v. Crespin, supra:*

> [W]e hold that improper, systematic exclusion by use of peremptory challenges can be shown (1) under *Swain v. State of Alabama, supra,* by presenting facts beyond the instant case; or (2) under the *Wheeler-Soares* rationale and supported by Article II, Section 14 of the New Mexico Constitution, where the absolute number of challenges in one case raises the inference of systematic acts by the prosecutor. A challenge of the one black member of the jury venire, as in this case, is insufficient to raise the inference of improper use of the peremptory challenge by the State.

■ Examining the instant case in light of the foregoing authority, we conclude that defendant has failed to overcome the presumption of fairness and propriety recognized in *Swain*. Though *State v. Crespin, supra,* states that "certain fact situations

may arise where the defendant can overcome the presumption based entirely upon the facts of his own case," defendant did not present any evidence, statistical or otherwise, to support his assertions that the State systematically excluded black jurors. In *State v. McGill,* 89 N.M. 631, 556 P.2d 39 (Ct.App.1976), this court held that mere "argument, unsupported by evidence, does not show the trial court erred in denying the motion." *See Phillips v. Allstate Ins. Co.,* 93 N.M. 648, 603 P.2d 1105 (Ct.App. 1979).

The State's concession that race was "not the primary reason for striking" the juror, and the fact that the prosecution failed to question the prospective juror on voir dire does not constitute a prima facie showing sufficient to rebut the presumption of propriety. The failure to question a prospective juror on voir dire does not per se establish an improper use of the State's peremptory jury challenges. It is common knowledge that in virtually all criminal cases access to jury questionnaires or data is supplied by the court to each party, giving background information, age, occupation, and other important facts relating to members of the jury panel. This information is commonly relied upon by counsel in the process of jury selection.

The rule is aptly stated in Annot., 79 A.L.R.3d 14, 23 (1977):

[T]he burden of proving discrimination against members of a particular race or class by use of the peremptory challenge rests on the defendant. In this connection, it has been stated that the systematic or purposeful exclusion of members of a race from jury service cannot merely be assumed or asserted, but must be established by proof.

The trial court did not err in denying defendant's objection to the State's exercise of its peremptory challenge.

The judgment and sentence of the trial court are affirmed.

IT IS SO ORDERED.

WALTERS, C.J., and LOPEZ, J., concur.