195 N.J. Super. 163 (1984)
478 A.2d 783
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CURTIS GILMORE, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 2, 1984.
Decided May 21, 1984.
Before Judges MATTHEWS, J.H. COLEMAN and GAULKIN.
Martin L. Greenberg argued the cause for appellant (Greenberg, Margolis, Ziegler & Schwartz, attorneys; Martin L. Greenberg, of counsel; Richard E. Mischel, on the brief).
*164 Alan A. Sant'Angelo, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; Alan A. Sant'Angelo, of counsel, and on the brief).
PER CURIAM.
The crucial issue raised by this appeal which has not been addressed recently by an appellate court of this State is whether "the defendant's Federal and State Constitutional rights to a trial by an impartial jury were violated by the prosecutor's use of peremptory challenges to exclude all prospective black jurors apparently on the basis of race." [Point III, Appellant's Brief].
In a single jury trial, defendant was found guilty of three first degree robberies of two Hispanic attendants at Carmine's Exxon gasoline station, Route 22, Union, New Jersey. The robberies occurred on July 28, 1981, August 21, 1981 and August 22, 1981. Defendant was sentenced to three concurrent 15 year custodial terms with five years of parole ineligibility.
Defendant, who is black, was tried by an all white jury. Defense counsel was black and the assistant prosecutor was white. During the jury selection, nine black potential jurors were seated in the jury box at different times. Two of them were excused for reasons unrelated to race. The assistant prosecutor used 11 peremptory challenges. See R. 1:8-3(d). He excused the remaining seven black prospective jurors. Defense counsel exhausted his peremptory challenges.
At the conclusion of the jury selection, defense counsel made a motion for a mistrial. He contended that the assistant prosecutor had used his peremptory challenges to excuse seven black prospective jurors based on race alone. He argued
... the total number of black jurors that were in the panel were nine, that one lady was excused because of physical incapacity. Another lady indicated, in fact, that she could not serve and be observant because she had been the victim of a theft of a radio from her car. And the other seven, your Honor, seated in *165 the jury panel, it is that the prosecutor used out of his 12 challenges seven to excuse those blacks.
In response to the motion for a mistrial, the assistant prosecutor stated:
It's my understanding of the rules that I can exercise my peremptory challenges as I see fit. It's my judgment that the people I have excused, the majority are blacks, but I did excuse certain whites. I have a right to excuse them, just as [defense counsel] had a right to excuse some of the older white businessmen on the jury. He exhausted his challenges.
The trial judge relied heavily on Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) and State v. Smith, 55 N.J. 476 (1970), cert. den. 400 U.S. 949, 91 S.Ct. 232, 27 L.Ed.2d 256 (1970) in rejecting defendant's constitutional argument. In Swain the majority conceded that circumstances might arise where "The purposes of the peremptory challenge are being diverted." 380 U.S. at 224, 85 S.Ct. at 838. Recently, Justices Marshall and Brennan voted to grant a petition for a writ of certiorari in McCray v. New York, ___ U.S. ___, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1983), while Justices Stevens, Blackmun and Powell voted to deny the petition. Even those who voted to deny the petition, strongly recommended that state courts should serve "as laboratories in which the issue receives further study before it is addressed by this [Supreme] Court." ___ U.S. at ___, 103 S.Ct. at 2439, 77 L.Ed.2d at 1323.
We are persuaded that New Jersey courts should become "laboratories" to reexamine the use of peremptory challenges to exclude blacks, or other cognizable groups, from serving on petit juries solely because of their group association. We do not read State v. Smith, supra, as precluding this reexamination under N.J. Const. 1947, Art. 1, ¶ 5, ¶ 9 and ¶ 10. Three leading states have already started to operate such "laboratories" in their state courts. People v. Wheeler, 22 Cal.3d 258, 148 Cal. Rptr. 890, 583 P.2d 748 (1978); Commonwealth v. Soares, 377 Mass. 461, 387 N.E.2d 499 (1979), cert. den. 444 U.S. 881, 100 S.Ct. 170, 62 L.Ed.2d 110 (1979); State v. Crespin, 94 N.M. 486, 612 P.2d 716 (Ct.App. 1980). See also Commonwealth *166 v. Martin, 461 Pa. 289, 299, 336 A.2d 290, 295 (1975) (Nix, J., dissenting). Also, a good deal of commentary has been written on the subject. See Note, "Limiting the Peremptory Challenge: Representation of Groups on Petit Juries," 86 Yale L.J. 1715 (1977); Note, "Racial Discrimination in Jury Selection," 41 Alb.L.Rev. 623 (1977); Comment, "The Prosecutor's Exercise of the Peremptory Challenge to Exclude Non-White Jurors: A Valued Common Law Privilege in Conflict with the Equal Protection Clause," 46 U.Cin.L.Rev. 554 (1977); Comment, "A Case Study of the Peremptory Challenge: A Subtle Strike at Equal Protection and Due Process," 18 St. Louis U.L.J. 662 (1974); Note, "Peremptory Challenge  Systematic Exclusion of Prospective Jurors on the Basis of Race," 39 Miss.L.J. 157 (1967); Comment, "Swain v. Alabama: A Constitutional Blueprint for the Perpetration of the All White Jury," 52 Va.L.Rev. 1157 (1966).
At the time of trial in this case, the assistant prosecutor was not required to explain why he used a peremptory challenge (see R. 1:8-3(d)) to excuse a prospective petit juror. Consequently, he declined to articulate any reasons, if indeed there were reasons other than race, for excusing the seven blacks. Given the state of the record, we are unable to perform our appellate function. At oral argument, counsel for defendant conceded that a remand is required before addressing the issues. We agree.
Accordingly, the case is remanded to the Law Division to conduct a hearing to establish the identity of the black prospective jurors and to afford the assistant prosecutor an opportunity to establish his motive or reasons for excusing each of the seven prospective black jurors. This hearing shall be concluded by May 31, 1984. The record of the remand and any supplemental briefs shall be filed with each judge's respective chambers and the Clerk of the Appellate Division by June 10, 1984. We retain jurisdiction.