Marcia JONES, Petitioner,

v.

**INDUSTRIAL COMMISSION of the State of Colorado, and City and County of Denver, Respondents.**

No. 84CA0398.

Colorado Court of Appeals, Div. I.

July 3, 1985.

Marcia Jones, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

Stephen H. Kaplan, City Atty., Dianne E. Eret, Asst. City Atty., Denver, for respondent City and County of Denver.

ENOCH, Chief Judge.

Claimant, Marcia Jones, seeks review of a final order of the Industrial Commission reducing her unemployment compensation benefits by twenty weeks because of her refusal to accept a referral to suitable employment, and determining that she had received an overpayment of benefits. *See* § 8–73–108(5)(a), C.R.S. (1984 Cum.Supp.). We affirm.

Claimant quit her employment with the City and County of Denver (city) as an admissions clerk at Denver General Hospital in order to accept a better job with the federal government. After her position with the federal government was eliminated in a work force reduction, she filed a claim for unemployment benefits based on her employment with the city, and was awarded full unemployment compensation benefits. When the city received notice of this, it sent claimant a letter requesting her to contact the Career Service Authority about employment. Claimant contacted the city, but when told that her former position was available, stated that she was not interested in it.

The Commission found that claimant had quit her job with the city to accept a better job. It further found that although "no actual offer of employment or referral was made," claimant had refused a referral to suitable employment when she indicated that she was not interested in her former position. The Commission therefore disqualified claimant from the receipt of benefits paid after the refusal, and found that she had thus been overpaid those benefits which she had received after that date.

Claimant contends that the statement that no offer of employment or referral was made precludes the application of the disqualifying provisions of the statutory subsection now codified as § 8–73–108(5)(d), C.R.S. (1984 Cum.Supp.). We disagree.

The statute provides for a reduced award when a claimant refuses a referral to suitable work. Although the Commission found that the city had not made an actual referral, it is clear from the order that it found that claimant had been referred to employment which she refused because of claimant's desire not to return to work with the same supervisor. Because the Commission is not held to a "crystalline standard" in stating factual findings, and because the basis of its decision here is apparent from the order, the lack of clarity in the factual findings of the order does not require a remand. *See In re Claim of Allmendinger v. Industrial Commission,* 40 Colo.App. 210, 571 P.2d 741 (1977).

Furthermore, determinations of evidentiary fact, such as whether a claimant has refused an employment referral, will not be disturbed on appeal unless unsupported in the record. *Mohawk Data Sciences Corp. v. Industrial Commission,* 660 P.2d 922 (Colo.App.1983). Here, there is evidence to support the findings, and where evidence is conflicting or susceptible to conflicting inferences, decisions based on a choice between plausible inferences from such evidence are to be affirmed. *McGinn v. Industrial Commission,* 31 Colo.App. 6, 496 P.2d 1080 (1972).

Finally, unlike *Ross v. Industrial Commission,* 39 Colo.App. 204, 566 P.2d 367 (1977), it is apparent from the order that claimant's referral had been to "suitable work" because plaintiff was returning to a position she had previously held and which, as stated in the order, she had not left for any of the job-related reasons which would

have rendered this work unsuitable under § 8–73–108(5), C.R.S. (1984 Cum.Supp.).

Order affirmed.

PIERCE and METZGER, JJ., concur.