736 P.2d 501
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Anthony SANDOVAL,
Defendant-Appellant.**

No. 9444.

Court of Appeals of New Mexico.

March 10, 1987.

Hal Stratton, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Defendant appeals multiple convictions for armed robbery and false imprisonment with firearm sentencing enhancement. Defendant initially raised seven issues on appeal including an assertion that the state improperly utilized its peremptory challenges to remove jurors of Hispanic heritage from the jury panel on the basis of their race. We reverse and remand for a new trial.

### USE OF STATE'S PEREMPTORY CHALLENGES

The prosecutor, by use of peremptory challenge, excluded the only two Hispanic jurors who could have served on the jury. Defendant moved for a mistrial based on the prosecutor's attempt to eliminate all members of defendant's race from the jury. Defendant in this case is of Hispanic background. The jury was selected from a panel of thirty-three prospective jurors. Of the thirty-three panel members, three were Hispanic: Solomon Hernandez, drawn

as number one; Jose Lopez, drawn as number fifteen; and Mercy Castillo, drawn as number twenty-nine. The record indicates that the prosecutor, without explanation, struck from the jury venire Mr. Hernandez and Mr. Lopez, the only two Hispanic jurors with a chance of serving on the jury. Ms. Castillo was not directly involved because the numerical order in which she was drawn was high enough so that a jury was chosen before her number was reached.

On appeal, defendant argues that the recent United States Supreme Court decision, *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), altered the law applicable to the prosecutor's use of peremptory challenges, thus requiring reversal of defendant's convictions on equal protection grounds.

In *Batson*, the Supreme Court significantly modified the rules applicable to a prosecutor's use of peremptory challenges in criminal cases and overruled in part its earlier holding in *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), concerning the evidentiary burden defendant must meet to establish purposeful discriminatory use of peremptory challenges that exclude members of an accused's racial group from the jury. Under *Swain*, a defendant was required to show systematic exclusion of jurors based upon race beyond the facts of his own case in order to rebut a presumption that the prosecutor utilized the state's peremptory challenges to obtain a fair and impartial jury.

■ The Supreme Court in *Batson*, however, recognized that the Equal Protection Clause of the federal Constitution limits the state's use of peremptory challenges. The Court held that a defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of the state's peremptory challenges. *Batson* states in applicable part:

To establish such a case, the defendant first must show that he is a member of a cognizable racial group, *Castaneda v. Partida, supra,* 430 U.S., at 494, 97 S.Ct., at 1280, and that the prosecutor

has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate." *Avery v. Georgia, supra,* 345 U.S., [559] at 562, 73 S.Ct., [891] at 892 [97 L.Ed.2d 1244]. Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the empanelling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.

*Id.* 476 U.S. at ___, 106 S.Ct. at 1723, 90 L.Ed.2d at 87–88.

■ The Court in *Batson* further stated that in deciding whether a defendant has made the requisite showing, the trial court should consider all relevant circumstances, including questions asked and statements made by the prosecutor during voir dire and in exercising the challenges.

■ *Batson* specifically cites *Castaneda v. Partida,* 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977), to explain the basis of the prima facie case: "Once the defendant has shown substantial underrepresentation of his group, he has made out a prima facie case of discriminatory purpose, and the burden then shifts to the State to rebut that case." *Id.* at 495, 97 S.Ct. at 1280. In addition, *Batson* recognizes that a "pattern" of strikes against certain jurors may give rise to the inference of discrimination. 476 U.S. at ___, 106 S.Ct. at 1723, 90 L.Ed.2d at 88.

■ The strict requirement in *Swain* was also rejected by this court before *Batson* in *State v. Crespin,* 94 N.M. 486, 612 P.2d 716 (Ct.App.1980). In *Crespin,* we noted that post-*Swain* United States Supreme Court cases infer that the challenge allowed in *Swain* may be too limited, and "that certain fact situations may arise where the defendant can overcome the pre-

sumption based entirely upon the facts of his own case." *Id.* at 487, 612 P.2d at 717. We held that improper, systematic exclusion by use of peremptory challenges can be shown (1) "by presenting facts beyond the instant case;" or (2) "where the absolute number of challenges in the one case raises the inference of systematic acts by the prosecutor." *Id.* at 488, 612 P.2d at 718. This court accordingly held that, where the prosecutor challenged only one black member of the jury venire, defendant did not meet his burden of overcoming the presumption of proper purpose. We note that *Crespin* has been modified by *Batson* in that a prima facie case may be established by substantial underrepresentation or any other relevant circumstances in addition to the absolute number of challenges in one case.

The state relies on *State v. Davis*, 99 N.M. 522, 660 P.2d 612 (Ct.App.1983). *Davis* is not controlling herein, however, because it was grounded in part on a portion of *Crespin* that has subsequently been modified by *Batson*. We now follow *Batson*. *See also United States v. Chalan*, 812 F.2d 1302 (10th Cir.1987) (interpreting *Batson*, court of appeals vacated convictions of defendant who was Indian and remanded to trial court for hearing on government's reasons for exercising a peremptory challenge against member of defendant's race).

■ Defendant complied with the requirements of *Batson* in order to establish a prima facie case of discriminatory purpose. Defendant made a requisite showing and alerted the trial court to the fact that the prosecutor used his peremptory challenges to remove the only two Hispanic jurors with a chance of serving on the jury. *Batson* does not require defendant to present evidence of additional circumstances in order to make a prima facie showing of discriminatory purpose. *Cf. State v. Davis.*

Defendant moved for a mistrial based upon the state's use of peremptory challenges. The following colloquy occurred:

DEFENSE COUNSEL: I have a motion at this time. It's a motion for a mis-trial because the state has used two of the peremptory challenges to strike the only two Spanish-surnamed jurors that were on the panel. My client is obviously a Spanish-surnamed person and I believe, as far as authority is concerned, there's a recent Supreme Court case that says it was improper to preempt Black jurors simply because they are Black, where the defendant is also Black. The two jurors Your Honor, were Mr. Solomon Hernandez and Jose Lopez, juror no. 5 and juror no. 24.

JUDGE BACA: State reply?

PROSECUTOR: I wasn't aware of it, Your Honor. It wasn't done because they were Spanish-surnamed.

\* \* \* \* \* \*

JUDGE BACA: I'm going to deny the motion. I'm aware there is a new Supreme Court of the United States case that dealt with racial strikes. In that instance, Black jurors, I'm not sure, very frankly I haven't read the case, I don't know what it says except what the press coverage would indicate. Other cases involving race and exclusion of jurors for race have been couched in some sort of language of a systematic exclusion of people because of race, in that there has to be some sort of showing. And I think what I have, if nothing more, without knowing the very specifics of that case, that I would deny the motion for a mistrial.

The prosecutor offered nothing to overcome defendant's prima facie case.

■ *Batson* recognized that, although a prosecutor ordinarily is entitled to exercise peremptory challenges for any reason as long as that reason is related to his view concerning the outcome of the case to be tried, "the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that [jurors of the same race] as a group will be unable impartially to consider the State's case against [the] defendant." *Id.* 476 U.S. at ___, 106 S.Ct. at 1719, 90 L.Ed.2d at 83.

The state argues that in a case such as this where the number of Hispanic jurors challenged was very small, it was reasonable that the trial court would find no prima facie proof of purposeful, systematic discrimination. The state emphasizes that the various cases cited by defendant have involved greater numbers of challenges than in the present case. The actual number of challenges is not at issue. *Cf. State v. Davis.* Although the prosecutor only needed to challenge two Hispanics to create a Hispanic-free jury panel, all members of defendant's racial group were excluded from the jury. Defendant has established a pattern of excluding all members of his group based on the facts in his case alone; this is sufficient under *Batson.* *See also United States v. Chalan.*

Once defendant makes a prima facie showing, the burden shifts to the state to come forward with a neutral explanation for challenging the jurors. *Batson v. Kentucky.* Here, the prosecutor failed to offer any explanation for his two challenges of Hispanic jurors. The prosecutor may not rebut the defendant's prima facie case of discrimination merely by denying that he challenged jurors of defendant's race because of their shared race. The Court in *Batson* further noted that in order to satisfy constitutional due process requirements, once the burden is shifted to the prosecution, it must then come forward with a neutral explanation for challenging jurors of defendant's racial background, and:

> Though this requirement imposes a limitation in some cases on the full peremptory character of the historic challenge, we emphasize that the prosecutor's explanation need not rise to the level justifying exercise of a challenge for cause.

* * * But the prosecutor may not rebut the defendant's prima facie case of discrimination by stating merely that he challenged jurors of the defendant's race on the assumption—or his intuitive judgment—that they would be partial to the defendant because of their shared race. * * * *Nor may the prosecutor rebut the defendant's case merely by denying that he had a discriminatory motive*

\* \* \* \* \* \*

*Id.* at ——, 106 S.Ct. at 1723, 90 L.Ed.2d at 88 (citations omitted & emphasis added).

Following the prosecutor's articulation of a neutral explanation of peremptory challenging members of the venire in the case to be tried, the trial court must then determine if the defendant has established "purposeful discrimination." *Id.*

On the record before us, the prosecutor failed to comply with the Constitutional requirements articulated in *Batson* to rebut defendant's prima facie showing of discrimination in the use of its peremptory challenges or to offer a neutral basis for the exercise of peremptory challenges against the two jurors of Hispanic background. *Cf. United States v. Chalan.*

Defendant's conviction is reversed and the cause is remanded with instructions to award defendant a new trial.

IT IS SO ORDERED.

BIVINS and FRUMAN, JJ., concur.