Delbert R. HODGES, Petitioner,

v.

CANON LODGE MEDICAL INVESTORS, LTD., and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 93CA1297.

Colorado Court of Appeals, Div. V.

July 28, 1994.

Pikes Peak Legal Services, Barbara L. Hughes, Colorado Springs, for petitioner.

No appearance for respondent Canon Lodge Medical Investors, Ltd.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James C. Klein, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Opinion by Judge NEY.

Delbert R. Hodges (claimant) seeks review of a final order of the Industrial Claim Appeals Panel that affirmed a hearing officer's order disqualifying him from the receipt of unemployment compensation benefits. We set aside the Panel's order and remand to the Panel for entry of an order awarding claimant benefits.

Claimant worked as a dietary aide at a nursing home run by employer, Canon Lodge Medical Investors, Ltd. The hearing officer found that claimant resigned because he experienced an allergic reaction to a chemical used for one of his job duties.

However, relying upon *Slazas v. Industrial Commission*, 660 P.2d 513 (Colo.App. 1983), the hearing officer concluded that claimant was not entitled to the receipt of benefits pursuant to § 8–73–108(4)(b)(I), C.R.S. (1993 Cum.Supp.) because he failed to notify his employer at the time of his resignation that he was terminating his employment because of the allergic reaction. The hearing officer thus concluded that claimant was disqualified from benefits by § 8–73–108(5)(e)(XXII), C.R.S. (1986 Repl.Vol. 3B) (quitting for personal reasons which do not support an award of benefits). Claimant appealed and the Panel affirmed.

Claimant contends he should have been awarded benefits pursuant to § 8–73–108(4)(b)(I). We agree.

Section 8–73–108(4)(b)(I) mandates that a claimant be awarded benefits if the separation from employment is caused by claimant's health and if the employee has:

Informed his employer of the condition of his health ... prior to his separation from employment; substantiated the cause by a competent written medical statement issued by a licensed practicing physician prior to the date of separation from employ-

ment when so requested by the employer prior to the date of his separation from employment or within a reasonable period thereafter; submitted himself ... to an examination by a licensed practicing physician selected and paid by the interested employer when so requested by the employer prior to the date of his separation from employment or within a reasonable period thereafter; or provided the division, when so requested, with a written medical statement issued by a licensed practicing physician. ...

Here, we agree with claimant that the hearing officer's findings support the award of benefits. The hearing officer found that: claimant resigned his employment because he experienced an allergic reaction to a chemical used for one of his job duties; claimant informed his employer of the condition of his health before his separation; claimant substantiated his condition with a written medical statement issued by employer's physician before his separation from employment when his supervisors requested him to do so. However, claimant did not specifically inform his employer that he was terminating his employment because of his health. These findings are supported by substantial, although sometimes conflicting, evidence and thus may not be disturbed. *See Jones v. Industrial Commission*, 705 P.2d 530 (Colo.App.1985).

We recognize that, in *Slazas v. Industrial Commission, supra*, a division of this court held that, to receive benefits under this section, the employee must inform his employer at or prior to leaving that he is quitting because of the condition of his health. However, in our view, *Slazas* puts a burden on an employee greater than that required by the statutory criteria of § 8–73–108(4)(b)(I).

Thus, to the extent that *Slazas v. Industrial Commission, supra* might dictate a different result, we view it as unduly restrictive and decline to follow it.

We conclude the Panel erred in determining claimant was not entitled to benefits pursuant to § 8–73–108(4)(b)(I). Given our disposition, we need not address claimant's other contentions.

The Panel's order is set aside, and the cause is remanded with directions to enter an order awarding claimant benefits.

STERNBERG, C.J., and ROTHENBERG, J., concur.