1997–NMSC–016

934 P.2d 267

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Reginald JONES, Defendant–Petitioner.**

No. 23424.

Supreme Court of New Mexico.

Feb. 6, 1997.

T. Glenn Ellington, Chief Public Defender and Bruce Rogoff, Appellate Defender, Santa Fe, for Petitioner.

Tom Udall, Attorney General and Steven S. Suttle, Assistant Attorney General, Santa Fe, for Respondent.

OPINION

RANSOM, Justice.

1. Reginald Jones was convicted of armed robbery and attempted armed robbery. *See* NMSA 1978, § 30–16–2 (Repl.Pamp.1994) (robbery) and NMSA 1978, § 30–28–1 (Repl. Pamp.1994) (attempt). The Court of Appeals affirmed. *State v. Jones,* 121 N.M. 383, 386, 911 P.2d 891, 894 (Ct.App.1995). We granted certiorari to review questions of racial discrimination in the peremptory challenge of a juror. *State v. Jones,* 121 N.M. 299, 910 P.2d 933 (1996). First, we hold that, under *Batson v. Kentucky,* 476 U.S. 79, 97–98, 106 S.Ct. 1712, 1723–24, 90 L.Ed.2d 69 (1986), the prosecutor responded to Jones' prima facie showing of discrimination with a race-neutral explanation that the prospective juror was peremptorily excused because he was non-assertive and failed to make eye contact; second, we observe that the *Batson* analysis is here unaffected by *Purkett v. Elem,* 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834

(1995) (per curiam); and third, we apply a de novo standard in reviewing the legal adequacy of the prosecutor's explanation under our *Batson* jurisprudence. We affirm the convictions.

2. *Facts.* During jury selection, the State peremptorily challenged an African–American juror. Jones objected with a prima facie showing of racial discrimination in that he is African–American and the challenged juror was the only African–American in the venire who could serve on the jury. *See Batson,* 476 U.S. at 96, 106 S.Ct. at 1722–23. The prosecutor stated that he challenged the juror "because he absolutely failed to establish eye contact with the State during questioning, and in the State's amateur psychological opinion, seemed not to be possessed of a certain degree of assertiveness which the State prefers to have in jurors." Jones replied that the prosecutor's explanation was insufficient because it was subjective and there was no indication of how the prosecutor tried to establish eye contact. Jones adduced no further evidence that the prosecutor's race-neutral explanation was pretextual. The trial court found the prosecutor's explanation to be "reasonable" and overruled Jones' objection.

■ 3. *Step two under Batson.* In *Batson,* the U.S. Supreme Court outlined a three-step procedure for trial courts to determine whether a prosecutor has discriminated on the basis of race in the use of peremptory challenges. *Id.* at 96–98, 106 S.Ct. at 1722–24. In the first step, the defendant must make a prima facie case of racial discrimination. Next, the prosecutor is required to "articulate a neutral explanation related to the particular case to be tried." *Id.* at 98, 106 S.Ct. at 1724. In *Hernandez v. New York,* 500 U.S. 352, 360, 111 S.Ct. 1859, 1866–67, 114 L.Ed.2d 395 (1991) (plurality opinion), the Court noted that "[a]t this step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." However, "the prosecutor [may not] rebut the defendant's case merely by denying that he had a discriminatory motive." *State v. Sandoval,* 105 N.M.

696, 700, 736 P.2d 501, 505 (Ct.App.1987) (quoting *Batson,* 476 U.S. at 97–98, 106 S.Ct. at 1723–24). If the trial court finds the explanation to be facially valid, then, in step three, the defendant is allowed to refute the stated reason or otherwise prove purposeful discrimination. If, on the other hand, the prosecutor's explanation is not "a [race-]neutral explanation related to the particular case to be tried," then the trial court may find purposeful discrimination without requiring a further showing by the defendant. *Batson,* 476 U.S. at 98, 106 S.Ct. at 1723–24.

■ 4. Jones asserts that the State's explanation for challenging the African–American juror is too subjective insofar as failure to make eye contact and lack of assertiveness are not easily verified by objective assessment. While it is true that explanations based on subjective judgments such as these "are particularly susceptible to the kind of abuse prohibited by *Batson,*" *United States v. Sherrills,* 929 F.2d 393, 395 (8th Cir.1991), it is equally true that "[j]ury selection is inherently subjective," *United States v. Wallace,* 32 F.3d 921, 925 (5th Cir.1994). "[M]any of the judgments made by counsel in picking a jury are purely intuitive and based upon inarticulable factors." *United States v. Bentley–Smith,* 2 F.3d 1368, 1374 (5th Cir. 1993). Therefore, while " 'subjective considerations might not be susceptible to objective rebuttal or verification[,] ... [they are permitted] because of the inherent nature of peremptory challenges, with the understanding that ultimate *Batson* findings "largely will turn on evaluation of credibility" of counsel's explanations.' " *Bentley–Smith,* 2 F.3d at 1374 (quoting *Polk v. Dixie Ins. Co.,* 972 F.2d 83, 86 (5th Cir.1992) (per curiam) (quoting *Thomas v. Moore,* 866 F.2d 803, 805 (5th Cir.1989))).

■ 5. As these cases demonstrate, a reason for using a peremptory challenge is not inherently discriminatory merely because it is subjective. Therefore, a lawyer's subjective feeling about a juror may suffice for step two provided that the reason for the strike is "a racially neutral, specific reason for the challenge." *State v. Gonzales,* 111 N.M. 590, 597, 808 P.2d 40, 47 (Ct.App.1991). Because challenging a juror for failure to

make eye contact and lack of assertiveness is a racially neutral, specific reason, the prosecutor met his step-two burden. The trial court could have found the explanation unpersuasive, but it did not do so. Therefore, Jones was required to adduce rebuttal evidence, such as that eye contact *was* made. However, Jones did not do so and thereby failed to refute the prosecutor's explanation or otherwise prove the prosecutor had intentionally discriminated.

6. *Purkett.* Jones contends that because *Purkett* undermines *Batson* and New Mexico cases interpreting *Batson, see State v. Aragon,* 109 N.M. 197, 784 P.2d 16 (1989); *Gonzales,* 111 N.M. at 601, 808 P.2d at 51, we should recognize, under Article II, Section 18 of the New Mexico Constitution, a standard more stringent than that announced in *Purkett. See* N.M. Const. art. II, § 18 (guaranteeing equal protection of the laws). We decline to do so because *Purkett* is not controlling in this case.

7. In *Purkett,* the United States Supreme Court considered whether a prosecutor had intentionally discriminated against a juror by exercising a peremptory challenge against him for having long hair and facial hair. 514 U.S. at 766, 115 S.Ct. at 1770. In holding that the prosecutor's reason satisfied step two of *Batson,* the Court stated that the prosecutor's burden at this stage "does not demand an explanation that is persuasive, or even plausible." *Id.* 514 U.S. at 768, 115 S.Ct. at 1771. According to the *Purkett* court, "silly or superstitious" reasons may satisfy step two: "What [*Batson*] means by a 'legitimate reason' is not a reason that makes sense, but a reason that does not deny equal protection." *Id.*

8. In this case, by contrast, the reasons offered by the prosecutor, that the juror failed to make eye contact and evidenced a lack of assertiveness, are neither silly nor superstitious. As discussed above, these are legitimate grounds for exercising a peremptory challenge. The prosecutor's reasons were plausible and made sense. Therefore, *Purkett* is not controlling and there is no need for considering a stricter standard here.

9. However, if we were faced with a case in which the prosecutor's reasons were silly or superstitious, we might be inclined to consider whether the New Mexico Constitution provides more protection from discrimination than is apparently provided under the Fourteenth Amendment after *Purkett.* When a prosecutor gives an explanation for a peremptory challenge prima facially shown to be discriminatory, it is most emphatically not the case that "anything goes". A trial court may err in requiring of the defendant the refutation of a reason that is legally inadequate under the *Batson* jurisprudence of this Court.

◼ 10. *Standard of review.* The Court of Appeals reviewed Jones' appeal under an abuse of discretion standard, reasoning that "[t]he trial court's determination of whether Defendant has carried his burden of showing that the State has intentionally discriminated on the basis of race or gender is a finding of fact." *Jones,* 121 N.M. at 388, 911 P.2d at 896. Jones argues that the Court of Appeals erred in failing to review de novo whether the prosecutor's stated reason meets minimum constitutional standards. He analogizes between this issue and the determination of exigent circumstances in the context of a search, which we review de novo. *See State v. Attaway,* 117 N.M. 141, 144, 870 P.2d 103, 106 (1994) (quoting *United States v. McConney,* 728 F.2d 1195, 1202 (9th Cir. 1984) (en banc)). Jones contends that evaluation of the prosecutor's explanations also "requires [this Court] to consider legal concepts in the mix of fact and law and to exercise judgment about the values that animate legal principles." *Id.*

11. While an appellate court need not defer to a trial court on whether a reason is constitutionally adequate, the Court of Appeals appropriately reviewed the trial court's action under a deferential standard because, as we hold today, the prosecutor's subjective belief was not a legally insufficient explanation for a peremptory challenge of the juror. With this legal threshold having been met, the only questions remaining were factual: whether Jones proved that the prosecutor had purposefully discriminated, and whether the prosecutor's claim that the juror did not make eye contact was truthful. *See* 121 N.M. at 389–90, 911 P.2d at 897–98. It was

the trial court's actions with respect to these factual questions that the Court of Appeals reviewed deferentially. Therefore, we disagree with Jones that the Court of Appeals applied an incorrect standard of review.

12. *Conclusion.* We hold that *Purkett* is not controlling and that the prosecutor's explanation that the juror was excused because he was non-assertive and failed to make eye contact met the step-two burden under *Batson.* Consequently, a de novo standard of review for legal adequacy is of no avail to Jones.

13. **IT IS SO ORDERED.**

BACA and MINZNER, JJ., concur.