This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 32,459**

**PETER ZAMORA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Michael E. Vigil, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Nicole Murray, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

Defendant appeals from the amended judgment and sentence convicting him of driving while under the influence of intoxicating liquor (DWI). [RP 97] This Court's

first notice of proposed disposition proposed to affirm Defendant's DWI conviction. Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments and affirm the judgment and sentence.

**Requested Jury Instruction**

Defendant continues to argue that the district court erred in denying his request for a jury instruction on "actual physical control," pursuant to *State v. Sims*, 2010-NMSC-027, 148 N.M. 330, 236 P.2d 642. Defendant argues that he was entitled to such an instruction because the evidence supported a finding that he got into the car only after it arrived at the mobile home park. [MIO 4] Defendant asserts that because of the lapse in time when Public Safety Aide Brian Romero (Officer Romero) lost sight of the car in motion, *Sims* requires that the State prove Defendant was in actual physical control of the car. [MIO 5-6]

"The propriety of jury instructions given or denied is a mixed question of law and fact. Mixed questions of law and fact are reviewed de novo." *State v. Salazar*, 1997-NMSC-044, ¶ 49, 123 N.M. 778, 945 P.2d 996. The DWI statute makes it "unlawful for a person who is under the influence of intoxicating liquor to drive a vehicle." NMSA 1978, § 66-8-102(A) (2010). By statutory definition, "'driver' means every person who drives or is in actual physical control of a motor vehicle . . . upon a highway, who is exercising control over . . . a motor vehicle." NMSA 1978, § 66-1-4.4(K) (2007). The purpose of the jury instruction on actual physical control

2

"was to create a judicial mechanism for prosecuting intoxicated drivers who had obviously been driving but no longer had the car in motion when in a police officer's presence." *Sims*, 2010-NMSC-027, ¶ 17. The rationale was that the Legislature did not intend "to forbid intoxicated individuals from merely entering their vehicles as passive occupants or using their vehicles for temporary shelter." *Id.* ¶ 3.

In *Sims*, the defendant was found passed out or asleep behind the wheel of his car parked in a commercial parking lot. *Id.* ¶ 1. The cases discussed in *Sims* similarly involve factual situations where the vehicle was not observed in motion. *See State v. Rivera*, 1997-NMCA-102, ¶ 2, 124 N.M. 211, 947 P.2d 168 (finding the defendant either passed out or asleep behind the wheel of his car in the front yard of his home with the engine running); *State v. Harrison*, 115 N.M. 73, 75, 846 P.2d 1082, 1084 (Ct. App. 1992) (finding the defendant passed out behind the steering wheel of a car, with the key in the ignition, the ignition on, the car in drive, and the defendant's foot on the brakes, and hands on the wheel); *Boone v. State*, 105 N.M. 223, 224, 731 P.2d 366, 367 (1986) (finding the defendant's car stopped with the lights off and engine running in the middle of the street).

Actual physical control is not an issue under the facts of this case. "It is only when there are no witnesses to the vehicle's motion that actual physical control is essential to prove DWI at the time an accused is apprehended." *Sims*, 2010-NMSC-027, ¶ 3. Defendant was found in the driver's seat of a car that an officer observed

3

driving erratically and began following a short time before. Defendant essentially challenges his identity as the driver of the car observed in motion. The fact that Officer Romero lost sight of the car for a short time between the time it was observed in motion and found parked in front of a trailer goes to the weight and credibility of the evidence, which we address as a sufficiency of evidence issue. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of witnesses and to determine where the weight and credibility lay). Actual physical control is unnecessary in this case because observing the vehicle in motion is all that is needed to violate the DWI statute. There being no issue as to actual physical control, we conclude that the evidence failed to support such an instruction. *See State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69 (stating that a defendant is entitled to jury instructions on his theory of the case if there is evidence to support the instruction).

**Sufficiency of the Evidence**

Defendant argues that because the jury instructions omitted actual physical control, a necessary element of the crime of DWI, the evidence should be weighed against the applicable law, using the factors established in *Sims* for actual physical control. [MIO 19] Furthermore, Defendant argues that because the evidence is insufficient to establish that he had actual physical control over the vehicle, his conviction must be vacated. [Id.] We have determined that the evidence did not

4

support a jury instruction on actual physical control. Where there is no reversible error regarding the jury instructions, the "[j]ury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986). Therefore, we look at the sufficiency of the evidence without regard to actual physical control.

There was evidence that a green Honda sedan was observed driving erratically. [DS 3] Officer Romero intercepted a vehicle matching the description provided and observed the car driving erratically. [Id.] Officer Romero followed the car into a mobile home park and saw the car turn onto a property in front of a trailer. [Id.] He continued driving on the roadway and lost sight of the car. [Id.] Officer Romero then turned around and passed the mobile home lot a second time, again losing sight of the car. [Id.] When he pulled up to the trailer, the car was parked, and Officer Martin Vigil was at the scene. [Id.] Based on this evidence, a reasonable juror could infer that the person observed driving the car erratically was the same person found in the driver's seat of the parked car. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318 ("The question is whether the [trial] court's decision is supported by substantial evidence, not whether the court could have reached a different conclusion.").

Defendant argues that approximately thirty minutes elapsed between the time Officer Romero first observed the vehicle driving erratically and the time that Officer

5

Vigil arrived at the scene. [MIO 20] Defendant argues that someone else could have driven the car to the mobile home park, and that during this lapse of time, the driver could have left the car, and Defendant could have gotten into the car. [MIO 20] However, the car did not go unobserved for thirty minutes as Defendant suggests. The time the car was first observed driving erratically is irrelevant, as there is no evidence how long the pursuit of the car lasted before it pulled into the mobile home park. More important, is the time that elapsed when Officer Romero first lost sight of the car and then came to find the car parked in front of the trailer for which there is no evidence. Nevertheless, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Instead, this Court views the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994). Therefore, we conclude that there was sufficient evidence to support Defendant's conviction for DWI.

**Peremptory Challenge**

Finally, Defendant continues to argue that the district court erred in denying his challenge to the State's exercise of a peremptory challenge against juror Victoria Rubio, thereby denying Defendant's right to a jury of his peers and to equal protection

6

of the law under *Batson v. Kentucky*, 476 U.S. 79, 87 (1986).  We agree that, because the district court judge made no findings on whether Defendant satisfied the first step of the *Batson* analysis by establishing a prima facie case of discrimination, the issue is moot.  *See State v. Gerald B.*, 2006-NMCA-022, ¶ 32, 139 N.M. 113, 129 P.3d 149. [MIO 9]

Consequently, the first notice proposed to conclude that after the trial judge accepted the prosecutor's reason as race-neutral, defense counsel failed to challenge the factual basis for the prosecutor's explanation or attempt to show that the prosecutor intentionally discriminated against Ms. Rubio based on her race.  *See State v. Guzman*, 119 N.M. 190, 194, 889 P.2d 225, 229 (Ct. App. 1994) (recognizing that race-neutral explanations should not be accepted when facts show same factors used to strike Hispanics were not applied to Anglos).  Defendant's memorandum in opposition does not point to any error in law or fact with the proposed disposition. *See State v. Mondragon*, 107 N.M. 421, 423, 759 P.2d 1003, 1005 (Ct. App. 1988) (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ___ P.3d ___.

Once the trial court accepted the State's race-neutral reason, the burden shifted and it was Defendant's responsibility to show that the proffered reason was in fact a

pretext for a discriminatory motive. *See State v. Martinez*, 2002-NMCA-036, ¶ 10, 131 N.M. 746, 42 P.3d 851. Defense counsel made no further inquiry, challenge or argument concerning whether there were other young prospective jurors, whether they were of the same race, or whether they were kept on the jury. *See State v. Begay*, 1998-NMSC-029, ¶ 14, 125 N.M. 541, 964 P.2d 102 ("A peremptory challenge that is found to be valid on its face stands unless the defendant comes forward with a refutation of the stated reason—e.g., by challenging its factual basis—or proof of purposeful discrimination by the prosecutor."). Therefore, we conclude that the trial court did not abuse its discretion. *See State v. Jones*, 1997-NMSC-016, ¶¶ 5, 12, 123 N.M. 73, 934 P.2d 267 (affirming trial court's ruling that prosecutor's peremptory challenge was proper where defense counsel failed to challenge the prosecutor's race-neutral reason for striking juror); *see also State v. Landgraf*, 1996-NMCA-024, ¶ 11, 121 N.M. 445, 913 P.2d 252 (reviewing district court's finding of purposeful discrimination for an abuse of discretion).

**Illegal Sentence**

Lastly, Defendant does not challenge the proposed disposition concerning the illegal sentence issue raised in the docketing statement. [DS 7] Therefore, we affirm. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

For these reasons and those stated in the first notice of proposed disposition, we affirm the judgment and sentence.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**M. MONICA ZAMORA, Judge**