**Elisha THOMAS, Jr.,
Petitioner–Appellant,**

v.

**Lloyd MOORE, Sheriff, Pontotoc County, Mississippi and Edwin Lloyd Pittman, Attorney General of the State of Mississippi, Respondents–Appellees.**

No. 88–4357.

United States Court of Appeals,
Fifth Circuit.

March 2, 1989.

Roy O. Parker, Jr., Roy O. Parker, Tupelo, Miss., for petitioner-appellant.

Henry C. Clay, III, JoAnne M. McLeod, Sp. Asst. Attys. Gen., Mike Moore, Atty. Gen., Jackson, Miss., for respondents-appellees.

Before REAVLEY, WILLIAMS and JONES, Circuit Judges.

REAVLEY, Circuit Judge:

In this petition for a writ of habeas corpus, Elisha Thomas, Jr. claims that, under the Supreme Court's decision in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), his constitutional rights were violated by the prosecution's racially discriminatory use of peremptory challenges. Because no timely objection to the jury selection process was made, the holding of *Batson* is not applicable to this case. Therefore, we affirm the district court's denial of the writ.

*Background*

Elisha Thomas, Jr. was convicted of rape in Mississippi state court. In a motion for new trial or judgment notwithstanding the verdict, Thomas claimed the prosecutor used his peremptory challenges to exclude blacks from the jury panel. The trial court denied the motion. The Mississippi Supreme Court affirmed the conviction on March 4, 1987. *Thomas v. State*, 517 So.2d 1285 (Miss.1987).

Thomas filed a petition for a writ of habeas corpus in federal district court. Based on a magistrate's findings and recommendations, the district court dismissed the petition. The only issue presented by Thomas in his appeal is whether, in the hearing in state court on Thomas' post-trial motions, the prosecution met the burden of proof imposed by *Batson* in rebuttal to a prima facie case of racially discriminatory use of peremptory challenges.

*Discussion*

The evidentiary rule established in *Batson* does not enter the analysis of a defendant's equal protection claim unless a timely objection is made to the prosecutor's use of his peremptory challenges. *See Jones v. Butler*, 864 F.2d 348 (5th Cir.1989) (on petition for rehearing); *United States v. Forbes*, 816 F.2d 1006, 1011 (5th Cir.1987); *United States v. Erwin*, 793 F.2d 656, 667 (5th Cir.), *cert. denied*, 479 U.S. 991, 107 S.Ct. 589, 93 L.Ed.2d 590 (1986); *see also Batson*, 476 U.S. at 99–100, 106 S.Ct. at 1724–25 (prosecutor's use of peremptory challenges evaluated following defendant's "timely objection"). The State urges us, in the absence of cause and prejudice, to find Thomas's constitutional claim barred by the state court's application of the Mississippi contemporaneous objection rule. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). A timely objection, however, is requisite to a *Batson* claim. Therefore, we need not reach a *Wainwright v. Sykes* analysis, much less review the prosecutor's use of the peremptory challenges.

In *Swain v. Alabama*, the Supreme Court held that a state's purposeful exclusion of blacks from participating as jurors violates the Equal Protection Clause. 380 U.S. 202, 203–04, 85 S.Ct. 824, 826–27, 13 L.Ed.2d 759 (1965). After *Swain*, a black defendant attacking a prosecutor's use of peremptory challenges against prospective black jurors was required to show evidence of systematic discrimination by the state

over a period of time. *Id.* at 227, 85 S.Ct. at 839. The Court, in *Batson,* altered the evidentiary burden placed on the defendant. *See* 476 U.S. at 92–93, 106 S.Ct. at 1720–21. After *Batson,* a prima facie case of an Equal Protection Clause violation may be established by evidence of the prosecutor's use of peremptory challenges in the instant case.

A timely objection and the corresponding opportunity to evaluate the circumstances of the jury selection process are essential to a trial court's reasoned application of the limitations placed on peremptory challenges by the *Batson* holding. The decision to exercise a peremptory challenge, in contrast to a challenge for cause, is subjective; and, often, the reasons behind that decision cannot be easily articulated. Determining whether a prosecutor has acted discriminatorily in his use of a peremptory challenge depends greatly upon the observations of the presiding judge. *See Batson,* 476 U.S. at 98 n. 21, 106 S.Ct. at 1724 n. 21. *Batson* "requir[es] trial courts to be sensitive to the racially discriminatory use of peremptory challenges." *Id.* at 99, 106 S.Ct. at 1724. This firsthand review by the trial court is vital to the balance struck between the historical role and practice of peremptory challenges and the demands of equal protection. *See id.* at 97, 98–99 & n. 22, 106 S.Ct. at 1723, 1724 & n. 22.

The Supreme Court's decision giving retroactive effect to *Batson* in cases pending on direct appeal does not conflict with our determination that a timely objection is requisite to a *Batson* claim. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). *Griffith* held that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." *Id.* at 328, 107 S.Ct. at 716. The central justification for the *Griffith* decision was the principle of treating similarly situated defendants similarly. *Id.* at 322, 107 S.Ct. at 713. The integrity of judicial review requires application of a new rule—the evidentiary standard of *Batson* in this case—to all similar cases pending on review. *Id.*

*Batson* altered the evidentiary burden placed on a defendant by *Swain.* The case selected as the vehicle for establishing this new rule—a rule limiting but not eclipsing "the full peremptory character of the historic challenge," 476 U.S. at 97, 106 S.Ct. at 1723—was, by necessity, a case in which a timely objection was made and rejected by the trial court under the dictates of *Swain.* The similar treatment of similar cases and of similar defendants requires that defendants who have raised a timely objection to the prosecutor's use of peremptory challenges, like Batson, be beneficiaries of the new rule, like Batson. Thomas, however, is not a defendant whose situation is similar to the defendants in *Batson* or *Griffith,* he raised no timely objection to the jury selection process. Our holding in no way conflicts with the revised rule of retroactivity applied in *Griffith.*

AFFIRMED.