IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 98-11205

---

ROY GLENN CHAMBERS,

Petitioner-Appellee,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas

---

December 2, 1999

Before REAVLEY, HIGGINBOTHAM, and DENNIS, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Roy Glenn Chambers was convicted in 1984 of two counts of failure to appear at trial for burglary. He was sentenced to twenty-five years imprisonment, a sentence enhanced for previous felony convictions. Chambers seeks habeas relief on the basis of *Batson v. Kentucky*, 476 U.S. 79 (1986). The Supreme Court decided *Batson* while Chambers' direct appeal was pending in state court. Chambers contends that his prosecutors' use of peremptory strikes violated the Equal Protection Clause of the Fourteenth Amendment. The magistrate judge agreed with Chambers and the district court adopted the recommendation to grant habeas relief. The Director maintains that Chambers' claim is barred for want of a

contemporaneous objection to the strikes, and regardless should be dismissed as a delayed petition under Rule 9(a) of the habeas rules. We find that the magistrate judge abused his discretion in refusing to consider the merits of the Director's 9(a) defense. We VACATE the judgment of the district court and REMAND for proceedings in which the defense may be considered.

I

During jury selection in Chambers' trial, the prosecutor used his peremptory strikes to exclude three black members of the venire. After the petit jury was selected but before they were sworn, the trial judge asked the parties whether they had any "objections to the jury as seated." The state made no objections, and the trial judge said to Chambers' attorney, "[y]ou have a matter you want to urge, but other than that any objection?" to which Chambers' attorney replied "[o]ther than that." After this reply, the jury was sworn and directed to enter the jury room. The court dismissed the venire, and then heard the defense counsel's objection.

Chambers' counsel stated:

[t]hose three people . . . were blacks and they were the only blacks among the first thirty-two. And we would object on that ground, and that Mr. Chambers is being denied a true jury of his peers and would, therefore, state that the prejudice shown him would cause it to be in line for a mistrial.

This colloquy ensued:

THE COURT: Any response to that?

MR. ISAACKS [prosecutor]: Four, five and thirty-two were just three of ten people struck. The preemptory [sic] strikes were not used solely on the basis of a person's race, if that's what the defense attorney is objecting to.

THE COURT: I don't know if that's it or not. *I think the objection is there are no blacks on the seated jury.*

MR. LAMB [defense counsel]: *That's correct*, Judge.

THE COURT: There aren't any. I will let the record reflect there are none on the seated jury. I don't recall frankly how many were on the jury panel, whether the names you mentioned were or not even black. I can't comment on that. I do know, at least by name, that there are three Hispanics on the jury itself. That may or may not mean anything.
     Mr. Lamb, I'm going to overrule your objection and deny your motion for mistrial at this time based on that. I'm not sure that I can make the State or the defendant ever state specifically why they exercised the preemptory [sic]. Mr. Isaacks has said it's not based on race, at least alone. I don't think I can go any further, at least, I'm not willing to. So I deny that motion.

(emphasis supplied).

Although Chambers pursued direct and discretionary review of his conviction, he did not raise the *Batson* issue until he filed a state application for habeas review with the Court of Criminal Appeals, which the court denied. In its judgment the court accepted the State's contention that under *Allen v. Hardy*, 478 U.S. 255 (1986), the *Batson* claim could not be pressed in a collateral attack. That was error. *Allen* held that *Batson* had no retroactive effect for habeas petitioners whose convictions were final when *Batson* was announced. *See Allen*, 478 U.S. at 257-58. As the magistrate judge correctly decided, because Chambers' direct appeal

3

was pending when *Batson* was decided, he may pursue any claim he may have under *Batson*. *See Allen*, 478 U.S. at 258 n.1 (defining finality to include exhaustion of availability of appeal); *see also Griffith v. Kentucky*, 479 U.S. 314, 328 (1986)(holding that *Batson* applies retroactively to cases pending on direct review when the decision was announced).

## II

Chambers filed a federal habeas petition in July 1996. Two of his three claims were denied, but the magistrate judge set an evidentiary hearing for the *Batson* claim, the only subject of this appeal. The Director first asserted his defense arising under Rule 9(a) of the Rules Governing Section 2254 Cases at the evidentiary hearing, when the testimony of the prosecutors from Chambers' trial showed that they could not remember why the black members of the venire were struck.[1] The magistrate judge requested the parties to brief the 9(a) issue. The court found that the Director had waived the defense of laches under 9(a) by not presenting it in a responsive pleading at an earlier point in time, implicitly refusing leave to amend to conform to the evidence.

---

[1]Rule 9(a) of the Rules Governing Section 2254 Cases provides:

Delayed Petitions. A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

4

First we must explain why it is necessary to reach the question of laches when the absence of a *Batson* issue is so conspicuous. Having been directed to an evidentiary hearing on the merits of the *Batson* claim by the district court, the Director conceded to the magistrate judge that Chambers proved a prima facie case under *Batson*. The Director's concession is troubling. The objection lodged at trial was that there were no black persons on the seated jury. At best it was a *Swain* objection, and understandably so since that was the legal regime at the time of trial.[2] Of course, Chambers has the benefit of *Batson* since his case was pending on appeal when *Batson* was decided as we explained. With no assistance from the Director, the district court and in turn the magistrate judge failed to realize that under controlling decisions of this court a *Batson* objection must be asserted before the venire is dismissed, and that a timely objection is an essential condition to the assertion of the *Batson* claim. *See, e.g., Wilkerson v. Collins*, 950 F.2d 1054, 1063 (5th Cir. 1992); *United States v. Romero-Reyna*, 867 F.2d 834, 837 (5th Cir. 1989); *Jones v. Butler*, 864 F.2d 348, 369 (5th Cir. 1988); *United States v. Erwin*, 793 F.2d 656, 667 (5th Cir. 1986). As Judge Reavley has explained for this court, the *Batson* "right" is grounded in a process. *See Thomas v. Moore*, 866 F.2d 803, 805 (5th Cir. 1989). On objection a party must articulate race-neutral reasons for a

---

[2]*Swain v. Alabama*, 380 U.S. 202, 223-24 (1965), required a showing of systematic race discrimination in jury selection beyond the defendant's own case to establish a violation of the Equal Protection Clause. *Batson* overruled *Swain*.

peremptory challenge; absent an objection there is no *Batson* violation. *See id.* That said, we will not relieve the Director of his concession any more than we will supply an objection that Chambers never made.

## III

At the hearing it became clear that the prosecutors could not remember the specific reasons that they struck three black members of the venire, and the prosecutor who actually made the strikes had long since lost his notes from Chambers' trial. With the passage of over thirteen years since Chambers' trial and the issue of a timely *Batson* objection not considered, the result was preordained. As the magistrate judge observed, the outcome now turned on whether the court would allow the state to invoke the defense of laches under Rule 9(a) of the federal habeas rules. Chiding the state for letting some months go by before the hearing without filing a responsive pleading asserting laches, the magistrate judge refused to consider the defense.

Rule 9(a) of the Rules Governing Section 2254 Cases codifies an equitable defense of laches. *See, e.g., Walters v. Scott*, 21 F.3d 683, 686 (5th Cir. 1994). It is also true that "laches" is among the affirmative defenses listed in Fed. R. Civ. P. 8(c), requiring a responsive pleading. But accepting that a Rule 9(a) defense must be supported by a pleading does not answer the question of when an amendment asserting the defense is allowed. Specifically, an affirmative defense under Fed. R. Civ. P. 8(c) is not waived when a defendant who failed to assert it in a responsive

6

pleading "raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Lucas v. United States*, 807 F.2d 414, 418 (5th Cir. 1986)(alterations in original).

There has been no showing that the defense was not raised at a pragmatically sufficient time or that Chambers was prejudiced in his ability to respond.  Perhaps there is more, but on this record the ruling strikes one as blind formalism on the one hand and extraordinary tolerance on the other.  An insistence on timeliness has its virtues.  Here, however, the magistrate judge held the state's feet to the fire but granted relief to a petitioner who waited over nine years after exhausting his state remedies to file a federal habeas petition.  During this time the state's ability to defend was lost.  The prosecutor who struck the three members of the venire testified at the evidentiary hearing that race was not a reason for the challenges, but could not recall the specific reasons for the strikes, such as occupation, work history, and so forth.  We are persuaded there is no unfair surprise attending the consideration of the effects of Chambers' nine-year delay in filing his federal habeas petition upon the State's ability to defend itself.  We VACATE the judgment granting relief and remand  for further proceedings.  On remand the magistrate judge will consider the defense, allowing Chambers a fair opportunity to respond.

VACATED and REMANDED.