No. 11–5113. JONES v. UNITED STATES. C. A. 8th Cir. Certiorari denied. JUSTICE KAGAN took no part in the consideration or decision of this petition.

No. 11–6165. HANEY v. ADAMS, WARDEN. C. A. 9th Cir. Certiorari denied. JUSTICE BREYER took no part in the consideration or decision of this petition.

No. 11–6206. OSBORNE v. O'BRIEN. C. A. 9th Cir. Certiorari denied. JUSTICE BREYER took no part in the consideration or decision of this petition.

No. 11–6261. FLORES v. HOLDER, ATTORNEY GENERAL, ET AL. C. A. 10th Cir. Certiorari before judgment denied.

No. 11–6391. BUCK v. THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION. C. A. 5th Cir. Certiorari denied.

Statement of JUSTICE ALITO, with whom JUSTICE SCALIA and JUSTICE BREYER join, respecting the denial of certiorari.

One morning in July 1995, petitioner Duane E. Buck went to his ex-girlfriend's house with a rifle and a shotgun. After killing one person and wounding another, Buck chased his ex-girlfriend outside. Her children followed and witnessed Buck shoot and kill their mother as she attempted to flee. An arresting officer testified that Buck was laughing when he was arrested and said "[t]he bitch deserved what she got." 28 Tr. 51 (May 6, 1997).

Buck was tried for capital murder, and a jury convicted. He was sentenced to death based on the jury's finding that the State had proved Buck's future dangerousness to society.

The petition in this case concerns bizarre and objectionable testimony given by a "defense expert" at the penalty phase of Buck's capital trial. The witness, Dr. Walter Quijano, testified that petitioner, if given a noncapital sentence, would not present a danger to society. But Dr. Quijano added that members of petitioner's race (he is African-American) are statistically more likely than the average person to engage in crime.

Dr. Quijano's testimony would provide a basis for reversal of petitioner's sentence if the prosecution were responsible for presenting that testimony to the jury. But Dr. Quijano was a defense witness, and it was petitioner's attorney, not the prosecutor,