Joshua Mark GILMORE, Petitioner–Appellant,

v.

Matthew CATE, Respondent–Appellee.

No. 09–17669.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2012.*

Filed Nov. 19, 2012.

See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Cliff Gardner, Esquire, Law Offices of Cliff Gardner, Oakland, CA, for Petitioner–Appellant.

Tami M. Krenzin, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

## MEMORANDUM **

Joshua Gilmore appeals the district court's denial of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. We affirm.

Gilmore asserts that the district court erred when it denied his claim that trial counsel was ineffective[1] because he failed to move to suppress the testimony[2] of the victim, who had suffered an unprovoked and brutal assault that caused significant brain injuries. We disagree. On this record, we are satisfied that a fairminded jurist[3] could determine that the victim's testimony was reliable[4] and was not tainted by circumstances that would render it otherwise.[5] On that basis, fairminded jurists could also determine that counsel was not ineffective when he failed to pursue what would have been an unmeritorious motion to preclude the witness from testifying.[6] We also note that evidence of the victim's difficulties was placed before the jury. So, too, was testimony from a psychiatrist who had expertise regarding the problems inherent in eyewitness identification. We are unable to say that the state court's determination was unreasonable;[7] the district court did not err.[8]

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

2. *See Perry v. New Hampshire,* —— U.S. ——, ——, 132 S.Ct. 716, 720, 181 L.Ed.2d 694 (2012).

3. *See Harrington v. Richter,* —— U.S. ——, ——, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011); *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 2149, 158 L.Ed.2d 938 (2004).

4. *See Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977).

5. *See Perry,* —— U.S. at —— & n. 5, 132 S.Ct. at 724–25 & n. 5; *Neil v. Biggers,* 409 U.S. 188, 198–99, 93 S.Ct. 375, 381–82, 34 L.Ed.2d 401 (1972).

6. *See Knowles v. Mirzayance,* 556 U.S. 111, 121–22 & n. 3, 129 S.Ct. 1411, 1419 & n. 3, 173 L.Ed.2d 251 (2009); *see also Kimmelman v. Morrison,* 477 U.S. 365, 382, 106 S.Ct. 2574, 2586–87, 91 L.Ed.2d 305 (1986).

7. *See Harrington,* —— U.S. at ——, 131 S.Ct. at 786; *Lockyer v. Andrade,* 538 U.S. 63, 75, 123 S.Ct. 1166, 1174, 155 L.Ed.2d 144 (2003).

8. Gilmore also seeks to argue a question on which no Certificate of Appealability has issued. *See* 28 U.S.C. § 2253(c)(1), (2); 9th Cir. R. 22–1(e). He asserts that he was denied due process when the jury learned that accomplices, who were testifying against him, had pled guilty, and the trial court did not provide the jury with any limiting instruction as to consideration of this testimony. We have reviewed his claim, and find it does not meet the standard that justifies granting a Certificate of Appealability. *See Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 1603–04, 146 L.Ed.2d 542 (2000). We, therefore, decline to take up the uncertified issue. *See Haney v. Adams,* 641 F.3d 1168, 1169 n. 1 (9th Cir.2011).