NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDALL SCOTT CASH, | No. 10-17598 |
| Petitioner - Appellant, | |
| v. | D.C. No. 5:06-cv-07064-JF |
| RON BARNES, Warden, | |
| Respondent - Appellee. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeremy Fogel, District Judge, Presiding

Submitted May 16, 2013[**]
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and DUFFY, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Randall Scott Cash ("Petitioner") appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This Court has jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's decision to deny a petition for a writ of habeas corpus, *Moses v. Payne*, 555 F.3d 742, 750 (9th Cir. 2009), and we affirm.

Petitioner argues the Supreme Court's decision in *Batson v. Kentucky*, 476 U.S. 79, 96–98 (1986), forbade the prosecution in his capital murder trial from exercising a peremptory challenge to dismiss a prospective juror on account of that person's religion. During jury selection, however, Petitioner objected only to the prosecutor's dismissal of that prospective juror on the basis of race. "The Supreme Court has never allowed a *Batson* challenge to be raised on appeal or on collateral attack, if no objection was made during jury selection." *Haney v. Adams*, 641 F.3d 1168, 1171 (9th Cir. 2011). Since Petitioner did not raise a religion-based objection during jury selection, he cannot raise it here. *Id.*

In any event, Petitioner's claim fails because the Supreme Court has not extended the protections articulated in *Batson* to religious affiliation or belief. *See, e.g.*, *Davis v. Minnesota*, 511 U.S. 1115 (1994) (denying certiorari to review state supreme court decision declining to extend *Batson* to religion); *but see J.E.B. v. Alabama*, 511 U.S. 127, 146 (1994) (extending *Batson* protections to gender-based

peremptory challenges).  We may grant an application for habeas corpus only if the underlying state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  As the instant case fails to satisfy either of these statutory requirements, we must deny habeas relief.  *Moses*, 555 F.3d at 750.

**AFFIRMED**.