**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFONSO GONZALEZ, AKA Alonso Gonzalez, | No. 14-55939 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-09201-DSF-SP |
| v. | MEMORANDUM[*] |
| PAT L. VAZQUEZ, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted May 5, 2016
Pasadena, California

Before: KOZINSKI, W. FLETCHER, and GOULD, Circuit Judges.

Alfonso Gonzalez appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition claiming that the California state trial court violated his due

process rights by failing to order a competency hearing *sua sponte* and conducting

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

his trial while he was incompetent. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The California Court of Appeal reasonably determined that the evidence was not sufficient to raise a "bona fide doubt" as to Gonzalez's competency to stand trial. *Pate v. Robinson*, 383 U.S. 375, 385 (1966); *Odle v. Woodford*, 238 F.3d 1084, 1087 (9th Cir. 2001). The record does not compel a finding that Gonzalez had the kind of "history of pronounced irrational behavior" that would require a trial court to order a competency hearing. *Pate*, 383 U.S. at 386; *see also Drope v. Missouri*, 420 U.S. 162, 180 (1975) (holding that irrational behavior alone may, in some circumstances, be sufficient to require a competency hearing). Accordingly, we defer to the state court's decision, as it was not based on an unreasonable application of the law or an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1), (2); *see also Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015).

2. We also defer to the California Court of Appeal's summary denial of Gonzalez's claim that he was tried while actually incompetent because there was a reasonable basis for the ruling. *See Haney v. Adams*, 641 F.3d 1168, 1171 (9th Cir. 2011). The evidence before the state court on Gonzalez's habeas corpus petition did not definitively prove that he did not understand the proceedings against him or

was unable to consult with his attorney.  *See Godinez v. Moran*, 509 U.S. 389, 396 (1993).

**AFFIRMED.**