**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERMIN GUERRERO, | No. 18-55202 |
| Petitioner-Appellant, | D.C. No. 2:10-cv-08257-ODW-DFM |
| v. | |
| MARTIN BITER, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted February 7, 2019
Pasadena, California

Before: WARDLAW and BEA, Circuit Judges, and MURPHY,** District Judge.

Fermin Guerrero appeals the district court's denial of his 28 U.S.C. § 2254

petition for habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253

and review the district court's denial of Guerrero's petition de novo. *Fox v.*

*Johnson*, 832 F.3d 978, 985 (9th Cir. 2016).

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

In 2003, a jury convicted Guerrero for the first-degree murder of Jose Ortiz, and the state court sentenced him to 60 years to life in prison. Jimmy Richardson testified as the government's key witness against Guerrero. Guerrero impeached Richardson by demonstrating that he had received leniency for separate criminal charges in return for providing information to law enforcement.

In addition to Richardson's testimony, the government introduced evidence that (1) Guerrero owned a dark-colored Camaro; (2) Guerrero was driving the car in Los Angeles on the day of Ortiz's murder; (3) the initial account of the murder provided to law enforcement by two eyewitnesses—Catalina and Lawrence Avalos—matched Richardson's account of the murder (as told to him by Guerrero); (4) Ortiz was murdered in Paramount, an area controlled by Guerrero's gang; (5) Richardson testified Guerrero killed Ortiz with a 9-mm handgun with an extended magazine, a 9-mm handgun was found at co-worker Raul Macias's home, and Macias first told police that Guerrero sold him the gun and later testified that Richardson sold him the gun with Guerrero present; (6) police found in Guerrero's house an extended magazine that fit the 9-mm handgun; and (7) Richardson asked Guerrero during a recorded conversation about "shit out back," and Guerrero mentioned he "did" the "fool from Paramount" who was "from 18th," a rival gang of which Ortiz was a member.

18-55202

Guerrero appealed his conviction and sentence. The California Court of Appeal modified his sentence but otherwise affirmed the conviction. Guerrero then filed a petition for review in the California Supreme Court, which that court denied.

On October 15, 2010, Guerrero filed his original federal petition for a writ of habeas corpus. In January 2014, Guerrero filed a habeas petition in the California Supreme Court to exhaust the claims raised in his federal habeas petition. The California Supreme Court denied the petition.

In 2015, Guerrero's post-conviction counsel interviewed Richardson. Richardson revealed that he received "between $6,000 and $10,000" from state and federal law enforcement agencies to provide information in Guerrero's case.

In November 2015, Guerrero filed an amended federal habeas petition adding two claims—including an allegation that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963) by suppressing evidence of payments to Richardson. Guerrero then filed a second habeas petition in the California Supreme Court that included his *Brady* claim. On March 29, 2017, the California Supreme Court summarily denied Guerrero's second habeas petition.

When "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98

(2011). Because the California Supreme Court summarily denied Guerrero's claims, we must determine whether fairminded jurists could disagree about whether the California Supreme Court unreasonably applied binding Supreme Court precedent or made an unreasonable determination of fact. 28 U.S.C. § 2254(d); *see also Haney v. Adams*, 641 F.3d 1168, 1171 (9th Cir. 2011) ("A habeas court must determine what arguments or theories could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court.").

A *Brady* violation has three elements: (1) the evidence was favorable to the defendant as exculpatory or impeachment evidence; (2) the state suppressed the evidence; and (3) prejudice resulted from the failure to disclose that evidence. *United States v. Wilkes*, 662 F.3d 524, 535 (9th Cir. 2011) (citation omitted). "[T]he terms 'material' and 'prejudicial' are used interchangeably in *Brady* cases." *Runningeagle v. Ryan*, 686 F.3d 758, 769 (9th Cir. 2012) (quoting *Benn v. Lambert*, 283 F.3d 1040, 1053 n.9 (9th Cir. 2002)). Undisclosed evidence is material "when there is a reasonable probability that, had the evidence been disclosed [to the defense], the result of the proceeding would have been different." *Id.* (quoting *Cone v. Bell*, 556 U.S. 449, 470 (2009)).

18-55202

Here, only the third element is in dispute. To reverse the district court's decision and grant Guerrero federal habeas relief, we must find that the California Supreme Court could not reasonably decide that the *Brady* nondisclosure was not material. The government's failure to disclose that it paid Richardson for his testimony is troubling. Given the evidence presented at trial, however, the California Supreme Court could have reasonably concluded that there was not a reasonable probability that the result would have been different had the evidence of the payments to Richardson been disclosed to the defense. Although Richardson's credibility was at issue, the government presented overwhelming evidence of Guerrero's guilt at trial that was untainted by Richardson's testimony. Furthermore, Richardson was already impeached, and the trial court gave a cautionary instruction as to the credibility of his testimony.

**AFFIRMED.**

18-55202