**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 5 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10053 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00155-JCM-CWH-1 |
| v. | |
| JOEL KENNETH AUSBIE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 14, 2019
Resubmitted August 5, 2019
San Francisco, California

Before: WALLACE, TASHIMA, and McKEOWN, Circuit Judges.

Joel Ausbie raises several challenges to his convictions for conspiring to commit arson in violation of 18 U.S.C. § 844(i), (n), and conspiring to commit extortion by force or threat of force in violation of 18 U.S.C. § 1951, and the resulting sentences. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ausbie argues for the first time on appeal that voir dire violated *Batson v.*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Kentucky*, 476 U.S. 79 (1986), because his attorney used peremptory strikes to remove several jurors based on their race. Even if we assume that Ausbie's claim is cognizable under *Georgia v. McCollum*, 505 U.S. 42, 59 (1992), we hold that because Ausbie failed to raise this challenge in the district court, it is subject to plain error review. *See Haney v. Adams*, 641 F.3d 1168, 1171 n.5 (9th Cir. 2011). We conclude, however, that even if the claim could pass muster under plain error review, it would still be barred by the invited error doctrine. Because defense counsel both invited any *Batson* error and knowingly relinquished any right to dispute his own strikes by later disavowing any *Batson* problems when the issue was raised by government counsel, this claim is waived. *See United States v. Lindsey*, 634 F.3d 541, 555 (9th Cir. 2011) ("[I]n order for the invited error doctrine to apply, a defendant must both invite the error and relinquish a known right."); *see also United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc) (explaining that a known right is relinquished where a party raises the potential error to the court, and the party inviting the error maintains there is no error). Ausbie's complaints may be more appropriately fashioned as an ineffective assistance claim in habeas proceedings, though we express no opinion on the merits of any such claim.

We deny as premature the ineffective assistance claim advanced by Ausbie here, i.e., that counsel provided ineffective assistance by sleeping during the trial. Neither of the exceptions to the general rule against reviewing ineffective assistance

2

claims on direct appeal are satisfied: the record is not well developed such that we could determine whether counsel slept during trial, *see Javor v. United States*, 724 F.2d 831, 832–33 (9th Cir. 1984), nor does the record establish that counsel provided blatantly inadequate representation. *See United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000). As above, we express no opinion on the merits of this claim should it be pursued in habeas proceedings.

Applying de novo review, we agree with the district court that Ausbie's convictions and concurrent sentences do not violate the Double Jeopardy Clause under the *Blockburger* test. *See United States v. Kimbrew*, 406 F.3d 1149, 1151–52 (9th Cir. 2005); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).[1] We rely on "a purely textual comparison" of the statutory elements of the offenses and conclude that the arson and extortion conspiracy provisions each require proof of at least one fact that the other does not. *United States v. Schales*, 546 F.3d 965, 977 (9th Cir. 2008). To sustain its burden on the arson conspiracy, the government needed to prove the existence of an agreement to "maliciously damage[] or destroy[] . . . , by means of fire, . . . any building, vehicle, or other real or personal property"; this need not be proven for the extortion conspiracy. 18 U.S.C. § 844(i),

---

[1] Ausbie argues for the application of the "factor analysis" test articulated in *United States v. Montgomery*, 150 F.3d 983, 990 (9th Cir. 1998), but that test applies only when a defendant is charged with multiple conspiracies under the *same* statute. *See United States v. Guzman*, 852 F.2d 1117, 1120 (9th Cir. 1988).

3

(n).  To sustain its burden on the extortion conspiracy, the government needed to prove an agreement to extort the victims; the specific intent to obtain money from them; and a "substantial step" toward the completion of the extortion; these need not be proven for the arson conspiracy.  *See* 18 U.S.C. § 1951.  "[I]t matters not that there is 'substantial overlap' in the evidence used to prove the two offenses." *Kimbrew*, 406 F.3d at 1152.

Ausbie further argues that there was insufficient evidence to prove the interstate commerce element of the extortion conspiracy.  We view the evidence in the light most favorable to the government and conclude that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Inzunza*, 638 F.3d 1006, 1013 (9th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  The evidence of Ausbie's and his co-conspirators' interstate travel, transfer of materials related to the conspiracy, and communications was sufficient to establish the "*de minimis* effect on interstate commerce to support" this conviction.  *United States v. Atcheson*, 94 F.3d 1237, 1241 (9th Cir. 1996); *see United States v. Lynch*, 437 F.3d 902, 910–11 (9th Cir. 2006).

In the alternative, Ausbie argues that the extortion conspiracy interstate commerce jury instruction was improper.  However, he did not raise this issue in the district court, so we review for plain error.  *United States v. Kilbride*, 584 F.3d 1240,

4

1247 (9th Cir. 2009). Ausbie does not clearly specify the alleged problems with the instruction and offers nothing that rises to the level of plain error.

Turning to sentencing, the district court did not abuse its discretion in applying enhancements for the discharge of a firearm during the extortion conspiracy and for Ausbie's leadership role. U.S.S.G. §§ 2B3.2(b)(3)(A)(i), 3B1.1(c); *see Kimbrew*, 406 F.3d at 1151. It does not matter that Ausbie did not discharge the firearm himself—the conduct can be imputed to him for sentencing purposes because he could have reasonably foreseen his co-conspirator's use of a firearm, which was used within the scope and in furtherance of their conspiracy. *See* U.S.S.G. § 1B1.3(a)(1)(B). The leadership enhancement was permissible in light of the ample "evidence that [Ausbie] exercised some control over others involved in commission of the offense." *United States v. Gadson*, 763 F.3d 1189, 1222 (9th Cir. 2014) (quoting *United States v. Riley*, 335 F.3d 919, 929 (9th Cir. 2003)).

"Finally, because we hold that there was no error committed by the district court, [Ausbie's] theory of cumulative error necessarily fails." *United States v. Jeremiah*, 493 F.3d 1042, 1047 (9th Cir. 2007).

**AFFIRMED.**