NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVIN MOSBY, | No. 20-16894 |
| Petitioner-Appellant, | D.C. No. 3:14-cv-00251-MMD-WGC |
| v. | |
| PERRY RUSSELL, Warden; ATTORNEY GENERAL, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted May 11, 2022**
Pasadena, California

Before: IKUTA, NGUYEN, and OWENS, Circuit Judges.

Marvin Mosby was sentenced to life in prison without the possibility of

parole under Nevada's three-strikes law, following his 2011 conviction for larceny.

*See* Nevada Revised Statutes sections 205.270, 207.010(1)(b)(1). He now appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from the district court's order dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. As the parties are familiar with the facts, we do not recount them here. Reviewing the district court's decision de novo, *see Haney v. Adams*, 641 F.3d 1168, 1170 (9th Cir. 2011), we affirm.

Mosby argues that his sentence of life without parole for stealing a camera is grossly disproportionate and thus constitutes cruel and unusual punishment in violation of the Eighth Amendment. But under the Antiterrorism and Effective Death Penalty Act, we may grant his habeas petition only if the decision of the Nevada Supreme Court rejecting that very claim and affirming his life sentence "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). And the Supreme Court has made it clear that, under its Eighth Amendment proportionality precedents, "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citation omitted).

1. The Nevada Supreme Court's decision was not "contrary to" the gross disproportionality principle. Firstly, the court's failure to conduct an intra- and inter-jurisdictional analysis or give decisive weight to the fact that Mosby's

sentence does not include the possibility of parole does not mean it contradicted this principle, because only the gross disproportionality principle itself is clearly established—the precise factors a court must consider (including parole and jurisdictional comparisons) are not. *See id.*

Nor did the court contradict clearly established law by stating that Mosby's sentence was not so disproportionate as to "shock the conscience." The court's invocation of the phrase "shock the conscience" appears to have been a reference to the Nevada state constitutional standard for cruel and unusual punishment, and not necessarily the federal standard.[1] *See Blume v. State*, 915 P.2d 282, 284 (Nev. 1996). Because Mosby had argued that his conviction violated both the state and federal constitutions, the "shock the conscience" language is better understood as addressed to Mosby's state law claim. Moreover, the Nevada Supreme Court clearly weighed the "gravity of [Mosby's] offense" and his "history of recidivism," and the fact that he was "sentenced as a large habitual criminal," all of which are factors the U.S. Supreme Court has weighed in proportionality cases. *See, e.g.*, *Rummel v. Estelle*, 445 U.S. 263, 276 (1980); *Harmelin v. Michigan*, 501 U.S. 957, 1002 (1991) (Kennedy, J., concurring in part and concurring in the judgment).

Nor was Mosby's case materially indistinguishable from *Solem v. Helm*, 463

---

[1] The Nevada Supreme Court cited both federal case law (which does not contain the "shock the conscience" language) and state case law (which does).

U.S. 277 (1983). *See Williams v. Taylor*, 529 U.S. 362, 406 (2000) (noting that a state court decision is "contrary to" clearly established law if the state court confronts facts "materially indistinguishable" from those in a U.S. Supreme Court case and yet reaches a different result). The *Solem* Court emphasized the fact that the habeas petitioner was "not a professional criminal" and his record involved "no instance of violence of any kind." 463 U.S. at 297 n.22. Additionally, none of the *Solem* petitioner's prior crimes were crimes against a person. *Id.* at 297. Mosby, by contrast, has committed twelve felonies and ten misdemeanors over the course of almost thirty years. The instant offense and several of his prior convictions were crimes against specific people. And the camera theft was not "one of the most passive felonies a person could commit." *Id.* at 296 (citation omitted). Rather, it involved deceiving his victims and then furtively stealing the camera from a bag one of them was carrying.

2. The Nevada Supreme Court's decision was also not an "unreasonable application" of clearly established law. *See Harrington v. Richter*, 562 U.S. 86, 101-02 (2011) (noting that the "unreasonable application" standard is highly deferential, and that even an "incorrect" state court decision will not merit habeas relief so long as "fairminded jurists" could disagree about its correctness (citations omitted)). At a minimum, fair-minded jurists could disagree about whether Mosby's sentence was grossly disproportionate, because there are many cases in

which life sentences for petty theft under three-strikes laws have been deemed constitutional. *See, e.g., Rummel*, 445 U.S. at 265-66, 285 (upholding life sentence for obtaining $120.75 by false pretenses); *Ewing v. California*, 538 U.S. 11, 30-31 (2003) (upholding 25 years to life sentence for stealing three golf clubs).

And the fact that Mosby's sentence excludes the possibility of parole does not push the Nevada Supreme Court's decision beyond the realm of reasonable disagreement. *Cf. Harmelin*, 501 U.S. at 996 (finding life without parole not cruel and unusual punishment for a nonviolent drug crime and noting that "retroactive legislative reduction and executive clemency" were still available). *Solem* did not imply that nonviolent property crimes can never be punished with life without the possibility of parole. 463 U.S. at 297 n.24 ("We raise no question as to the general validity of sentences without possibility of parole.").

In short, the Nevada Supreme Court's decision upholding his sentence was not contrary to or an unreasonable application of the gross disproportionality principle.

**AFFIRMED.**